## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

ALL AMERICA INSURANCE COMPANY,
a/s/o SHB PROPERTIES, LLC
800 South Washington Street,
Van Wert, Ohio 45891

    Plaintiff,

v.

JAMES RIVER PETROLEUM, INC.
10487 Lakeridge Parkway Suite 100
Ashland, Virginia 23005

    and

GAS N SNACK, CORP.
3321 Walnut Cove Court
Chester, Virginia, 23831

    Defendants.

**Civil Action No. _____**

## COMPLAINT

## PARTIES

1. Plaintiff, All America Insurance Company, is an insurance company authorized to issue policies of insurance in the Commonwealth of Virginia. All America Insurance Company has its principal place of business located at 800 South Washington Street, Van Wert, Ohio 45891 and is incorporated in the state of Ohio. All America Insurance Company is domiciled in and a "citizen" of Ohio for purposes of diversity of citizenship in this matter.

2. Defendant, James River Petroleum, Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia. James River Petroleum, Inc. maintains a principal place of business located at 10487 Lakeridge Parkway, Suite 100, Ashland, Virginia

23005.  James River Petroleum, Inc. is domiciled in and a "citizen" of Virginia for purposes of diversity jurisdiction in this matter.

3. Gas N Snack Corp. is a corporation organized and existing under the laws of the Commonwealth of Virginia.  Gas N' Snack Corp. maintains a principal place of business located at 3321 Walnut Cove Court, Chester, Virginia 23831 and a Registered Agent located at 16 Charter Gate Drive, Fredericksburg, Virginia 22406.  Gas N Snack Corp. is domiciled in and a "citizen" of Virginia for purposes of diversity jurisdiction in this matter.

## JURISDICTION AND VENUE

4. Jurisdiction pursuant to 28 U.S.C. § 1332 is proper in this Judicial District in that the parties are completely diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

5. Venue is proper in this Judicial District in that the acts and omissions which give rise to this lawsuit occurred in this Judicial District and the Defendants maintain a substantial presence within this Judicial District.

## FACTS

6. The Plaintiff, All America Insurance Company, issued a policy of insurance to SHB Properties, LLC with effective dates from December 1, 2019 through December 1, 2020 and insuring the Property located at 4105 South Laburnum Avenue, Richmond, Virginia 23231 (Policy number CLP 8879549-20).

7. SHB Properties, LLC is the owner of the Property located at 4105 South Laburnum Avenue, Richmond, Virginia 23231 (the "Property"), which at all times relevant hereto was utilized as a gas station and convenience store.

8. On August 1, 2011 SHB Properties, LLC entered into a lease agreement with Apple 8, LLC which permitted Apple 8, LLC to use and operate the entirety of the Property (the "Lease".)

9. Prior to the February 9, 2020 fire which gives rise to this litigation, JR Apple 8, LLC assigned, transferred, sold, and/or sublet its use, operation, rights, promises, and obligations under the Lease to its related and wholly owned subsidiary company Defendant James River Petroleum, Inc.

10. Defendant James River Petroleum, Inc. is in the business of supplying gasoline and petroleum products to service stations and utilized the Property for those purposes under the Lease.

11. On January 1, 2018, Defendant James River Petroleum, Inc. (as the successor to JR Apple 8, LLC) entered into a sublease agreement with Defendant Gas N Snack Corp. for the Property (the "Sub-Lease".)

12. Defendant Gas N Snack Corp., as the sub-tenant of the Property, used, operated, maintained, and controlled a gasoline station and convenience store at the Property from January 1, 2018 through February 9, 2020, at which time a fire damaged the Property.

13. As a result of the fire of February 9, 2020, SHB Properties, LLC presented an insurance claim to Plaintiff All America Insurance Company pursuant to the insurance policy identified in Paragraph 6 above for damages covered under the insurance policy, including building and structure damages, extra expenses, emergency clean up and demolition costs, and lost rental income.

14. As a result of the fire, and pursuant to the insurance policy, Plaintiff All America Insurance Company has made payments to date to SHB Properties, LLC in the amount of $397,072.26, with additional claims pending under the policy.

15. Pursuant to the policy of insurance and the payments made by All America Insurance Company, the Plaintiff is legally, equitably, and contractually subrogated to any rights maintained by SHB Properties, LLC against third parties, including the Defendants herein.

16. The damage sustained by SHB Properties, LLC as a result of the fire, and the payments made by All America Insurance Company to SHB Properties, LLC were caused by the breaches of contract, negligence, carelessness, and other acts and omissions by the Defendants as more fully set forth below.

## COUNT I
## JAMES RIVER PETROLEUM, INC. – BREACH OF CONTRACT

17. Plaintiff incorporates the preceding paragraphs and allegations as though fully set forth herein.

18. Defendant James River Petroleum, Inc. is the successor to JR Apple 8, LLC with respect to the Lease entered into on August 1, 2011 between SHB Properties, LLC and JR Apple 8, LLC.

19. Pursuant to paragraph 23 of the Lease, the terms, conditions, and agreements contained in the Lease were to be performed by Defendant James River Petroleum, Inc. as the successor and/or assignee of JR Apple 8, LLC.

20. Pursuant to paragraph 4 of the Lease, Defendant James River Petroleum, Inc. agreed to surrender the Property in the same condition as it existed on the commencement date of the Lease, except for ordinary wear and tear.

21. Pursuant to paragraph 9 of the Lease, Defendant James River Petroleum, Inc. was required to perform repairs and replacements to the Property, at its own expense as necessary to keep the Property in good condition and repair, except for ordinary and normal usage and wear.

22. Pursuant to paragraph 12(b) of the Lease, Defendant James River Petroleum, Inc. was required to provide "all-risk property and casualty insurance" providing coverage for the Property against all perils, including fire.

23. The fire on February 9, 2020, caused substantial damage to the Property.

24. Pursuant to the terms and conditions of the Lease described through paragraphs 19-23 above, Defendant James River Petroleum, Inc. is responsible to provide repairs to the Property along with property insurance coverage for the damages resulting from the fire.

25. To date, Defendant James River Petroleum, Inc. has refused to perform the repairs necessary to restore the Property to its condition as existed prior to the fire.

26. To date, Defendant James River Petroleum, Inc. has refused to provide all-risk property and casualty insurance coverage to SHB Properties, LLC for the damages to the Property and associated lost rent and extra expenses caused by the fire.

27. The breaches of contract by Defendant James River Petroleum, Inc. were the legal, factual, and proximate cause of the damages sustained by SHB Properties, LLC and the Plaintiff All American Insurance Company.

WHEREFORE, Plaintiff requests judgment in its favor against Defendant James River Petroleum, Inc. in an amount that Plaintiff has paid to date (not less than $397,072.26) and plus all additional amounts that Plaintiff may pay after the filing of this Complaint, together with interest and costs, attorneys' fees and expenses as allowable, and such other relief as deemed appropriate by the Court.

### COUNT II
### JAMES RIVER PETROLEUM, INC.– NEGLIGENCE

28. Plaintiff incorporates the preceding paragraphs and allegations as though fully set forth herein.

29. The fire of February 9, 2020, was caused by the negligence, carelessness, acts, and omissions of Defendant James River Petroleum, Inc. acting by and through its authorized agents, employees, representatives, and workers acting within the scope of their employment, in that James River Petroleum, Inc.:

    a) Failed to properly vet, select, research, and evaluate Gas N Snack as the sub-tenant for the Property;

    b) Failed to ensure that Gas N Snack carried appropriate insurance coverages with respect to the Property;

    c) Failed to ensure that the proper fire safety rules, practices, and procedures were maintained by Gas N Snack at the Property;

    d) Failed to regularly inspect the condition of the Property while occupied by Gas N Snack;

    e) Failed to evaluate the closing procedures, debris removal practices, and other accumulation of combustible materials in the Property as used by Gas N Snack;

    f) Failed to make clear and restrict Gas N Snack from using heat producing items in the Property which created risks of fire;

    g) Failed to provide any oversight, control, supervision, and direction over Gas N Snack in order to ensure the safety of the Property and fulfill its own obligations under the Lease;

    h) Failed to provide any oversight, control, supervision, and direction over Gas N Snack in order to ensure the safety of the Property and protect the rights and interests of SHB Properties, LLC under the Lease.

30. Defendant James River Petroleum, Inc. breached its common law duty to exercise a reasonable standard of care to prevent fires and associated property damages and business losses.

31. Defendant James River Petroleum, Inc.'s duty to prevent fires and associated property damages and business losses, arises independent of and separate from any promises and obligations set forth in its lease with SHB Properties, LLC for the Property.

32. The carelessness, negligence, acts, and omissions of Defendant James River Petroleum, Inc. were the legal, factual, and proximate cause of the damages sustained by SHB Properties, LLC and the Plaintiff All American Insurance Company.

WHEREFORE, Plaintiff requests judgment in its favor against Defendant James River Petroleum, Inc. in an amount that Plaintiff has paid to date (not less than $397,072.26) and plus all additional amounts that Plaintiff may pay after the filing of this Complaint, together with interest

and costs, attorneys' fees and expenses as allowable, and such other relief as deemed appropriate by the Court.

## COUNT III
## GAS N SNACK CORP.– NEGLIGENCE

33. Plaintiff incorporates the preceding paragraphs and allegations as though fully set forth herein.

34. The fire of February 9, 2020, was caused by the negligence, carelessness, acts, and omissions of Defendant Gas N Snack Corp., acting by and through its authorized agents, employees, representatives, and workers acting within the scope of their employment, in that Gas N Snack:

a) Failed to maintain a fire safe condition in the Property.

b) Utilized heat producing and fire risk materials while operating the store.

c) Failed to properly dispose of heat producing and fire related materials within the store.

d) Failed to properly move any heat producing and fire causing materials from the store.

e) Failed to ensure that any heat producing and fire causing materials were properly extinguished before disposing of the items into trash receptacles.

f) Failed to properly inspect the store for any potential fire conditions before exiting the store at the closing time.

g) Failed to properly train and supervise its employees, agents, workman, and representatives with respect to fire safety associated with operation of the store.

35. Defendant Gas N Snack Corp. breached its common law duty to exercise a reasonable standard of care to prevent fires and associated property damages and business losses.

36. Defendant Gas N Snack Corp.'s duty to prevent fires and associated property damages and business losses arises independent of and separate from any promises and obligations set forth in its Sub-Lease with Defendant James River Petroleum, Inc. for the Property.

37. The carelessness, negligence, acts, and omissions of Defendant Gas N Snack Corp. were the legal, factual, and proximate cause of the damages sustained by SHB Properties, LLC and the Plaintiff All American Insurance Company.

WHEREFORE, Plaintiff requests judgment in its favor against Defendant Gas N Snack Corp. in an amount that Plaintiff has paid to date (not less than $397,072.26) and plus all additional amounts that Plaintiff may pay after the filing of this Complaint, together with interest and costs, attorneys' fees and expenses as allowable, and such other relief as deemed appropriate by the Court.

## COUNT IV
## GAS N SNACK CORP.– THIRD PARTY BENEFICIARY/BREACH OF CONTRACT

38. Plaintiff incorporates the proceeding paragraphs and allegations as though fully set forth herein. As parties to the Sub-Lease, Defendants James River Petroleum, Inc. and Gas N Snack Corp. clearly and definitely intended to confer a benefit upon SHB Properties, LLC with respect to the Property.

39. The benefits conferred upon SHB Properties, LLC included, but were not limited to, the payment of rent and other expenses for the Property, upkeep and maintenance of the Property, the provision of insurance coverage for the Property, the provision of indemnity to SHB Properties, LLC for damages and losses to the Property, the payment of taxes and utilities for the property, and compliance with environmental rules and regulations related to the use of the Property.

40. Defendant Gas N Snack Corp. breached its obligations under the Sub-Lease by virtue of the acts and omissions set forth in Count III above which are incorporated herein as though fully set forth.

41.     In addition to the acts and omissions set forth in Count III above, Defendant Gas N Snack Corp. breached its obligations under the Sub-Lease to perform repairs and replacements to the Property, to maintain the Property in good condition and repair, to surrender the Property in the same condition as it existed on the commencement date of the Sub-Lease, and to provide property and casualty insurance providing coverage for the Property against all perils including fire.

42.     The breaches of contract by Defendant Gas N Snack Corp. were the legal, factual, and proximate cause of the damages sustained by SHB Properties, LLC and the Plaintiff, All America Insurance Company.

WHEREFORE, Plaintiff requests judgment in its favor against Defendant Gas N Snack Corp. in an amount that Plaintiff has paid to date (not less than $397,072.26) and plus all additional amounts that Plaintiff may pay after the filing of this Complaint, together with interest and costs, attorneys' fees and expenses as allowable, and such other relief as deemed appropriate by the Court.

## DEMAND FOR TRIAL BY JURY

43.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 6, 2021            **ALL AMERICAN INSURANCE COMPANY, a/s/o SHB PROPERTIES, LLC**

By: /s/ Robert Wm. Best
Robert Wm. Best (VSB No.72077)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
Telephone:   (804) 560-9600
Facsimile:    (804) 408-3289
rbest@midkifflaw.com
*Counsel for Plaintiff*