IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALL AMERICA INSURANCE CO.
as subrogee of SHB PROPERTIES, LLC,
          Plaintiff,

v.                                                   Civil Action No. 3:21cv8

JAMES RIVER PETROLEUM, INC.,
& GAS N SNACK, CORP.
          Defendants.

## OPINION

On February 9, 2020, a fire at a gas station and convenience store in Richmond (the "Property") caused nearly $400,000 in damage. The Property's owner, SHB Properties, LLC ("SHB"), filed an insurance claim for the property damage. All America Insurance Co. ("All America") paid the claim and then sued the Property's tenant, James River Petroleum, Inc. ("James River"), and subtenant, Gas N Snack Corp. ("Gas N Snack"), to recoup the insurance payment it made to SHB. James River moves to dismiss All America's negligence claim against it (Count II), claiming that it had no common law duty to prevent Gas N Snack from starting a fire at the Property. The Court agrees and will dismiss Count II of All America's complaint.

James River has also filed a crossclaim against Gas N Snack.[1] Gas N Snack has moved to dismiss James River's crossclaim, arguing that a provision of the sublease agreement between it and James River (the "Sublease") bars the entire crossclaim. In the alternative, Gas N Snack contends that it did not owe James River a common law duty to prevent a fire at the Property and,

---

[1] James River alleges negligence (Count I) and breach of duties as a constructive insurer (Count III). James River also seeks indemnification from Gas N Snack (Count II).

therefore, the Court should dismiss Count I of the crossclaim. The Court disagrees with both arguments and will deny Gas N Snack's motion.

## I. FACTS ALLEGED IN THE COMPLAINT AND CROSSCLAIM

On August 1, 2011, SHB leased the Property to JR Apple 8, LLC ("Apple 8"). Apple 8 then "assigned, transferred, sold, and/or sublet its use, operation, rights, promises, and obligations under the" August 1, 2011 lease to its wholly owned subsidiary, James River. (ECF No. 1 ¶ 9.) On January 1, 2018, James River subleased the Property to Gas N Snack. Gas N Snack operated the Property as a gas station and convenience store.

On February 9, 2020, a fire at the Property caused at least $397,072.26 in damage. SHB presented an insurance claim to its property insurer—All America—for damage caused by the fire. All America paid SHB $397,072.26, "with additional claims pending." (*Id.* ¶ 14.) As a result, All America became SHB's subrogee.

## II. DISCUSSION[2]

### *A. James River's Motion to Dismiss*

---

[2] James River and Gas N Snack move to dismiss the complaint and crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges a complaint's or crossclaim's sufficiency without resolving any factual discrepancies or testing the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint or crossclaim as true and must draw all reasonable inferences in the plaintiff's or cross-claimant's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint or crossclaim must state facts that, when accepted as true, state a facially plausible claim to relief. *Id.* "A claim has facial plausibility when the plaintiff [or cross-claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

James River moves to dismiss Count II of All America's complaint, arguing that (1) Virginia's source of duty rule bars the claim[3] and (2) it did not have a duty "to prevent the occurrence of a fire on SHB's property caused by a third-party." (ECF No. 18, at 1.) Because James River did not have a common law duty to prevent Gas N Snack from causing a fire on SHB's property, the Court will grant James River's motion.

"[I]n certain circumstances," a party can "show both a breach of contract and a tortious breach of duty." *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). "But the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. of S. Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). Thus, the so-called source of duty rule provides that, "[i]n determining whether a cause of action sounds in tort, contract, or both, 'the source of the duty violated must be ascertained.'" *MCR Fed., LLC v. JB&A, Inc.*, 294 Va. 446, 457, 808 S.E.2d 186, 192 (2017) (quoting *McDevitt St. Bovis*, 256 Va. at 558, 507 S.E.2d at 347). In other words, "where a contract exists between parties and one party brings an action in tort, that plaintiff must allege a common law duty for the protection of persons or property that exists in tort law, independent of any duty owed solely by virtue of the contract." *Cincinnati Ins. Co. v. Farrington*, 81 Va. Cir. 345, 2010 WL 7765125, at *5 (2010).

---

[3] When a federal district court sits in diversity, it applies the forum state's choice of law rules. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623-24 (4th Cir. 1999). "Under Virginia law, the rule of lex loci delicti, or the law of the place of the wrong, applies to the choice-of-law decisions in tort actions." *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). The fire and ensuing property damage occurred in Virginia. Accordingly, Virginia law applies to All America's and James River's negligence claims.
Pursuant to the Sublease's choice of law provision, Virginia law applies to James River's contract-based crossclaims. *Hitachi*, 166 F.3d at 624 ("Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances.").

Here, All America claims that the source of duty rule does not bar its negligence claim against James River because it alleges that James River "failed to protect against fires and associated property damage and business losses . . . , which are duties that arise from common law." (ECF No. 17, at 4.) Sure enough, the common law "requires that 'one must so use his own rights as not to infringe upon the rights of another.'" *RGR, LLC v. Settle*, 288 Va. 260, 275, 764 S.E.2d 8, 16 (2014) (quoting *Cline v. Dunlora S., LLC*, 284 Va. 102, 107, 726 S.E.2d 14, 17 (2012)). It makes sense, therefore, that there exists an independent duty in tort "to prevent a fire on another person's property." *Farrington*, 81 Va. Cir. at *6.

But All America does not allege that *James River's employees* started the fire at the Property. Instead, it alleges that James River negligently failed to prevent *Gas N Snack's employees* from starting the fire at the Property.[4] Thus, All America's negligence claim against

---

[4] Specifically, All America alleges that James River:
    a) Failed to properly vet, select, research, and evaluate Gas N Snack as the sub-tenant for the Property;
    b) Failed to ensure that Gas N Snack carried appropriate insurance coverages with respect to the Property;
    c) Failed to ensure that the proper fire safety rules, practices, and procedures were maintained by Gas N Snack at the Property;
    d) Failed to regularly inspect the condition of the property while occupied by Gas N Snack;
    e) Failed to evaluate the closing procedures, debris removal practices, and other accumulation of combustible materials in the Property as used by Gas N Snack;
    f) Failed to make clear and restrict Gas N Snack from using heat producing items in the Property which created risks of fire;
    g) Failed to provide any oversight, control, supervision, and direction over Gas N Snack in order to ensure the safety of the Property and fulfill its own obligations under the Lease; [and]
    h) Failed to provide any oversight, control, supervision, and direction over Gas N Snack in order to ensure the safety of the Property and protect the rights and interests of SHB Properties, LLC under the Lease.
(ECF No. 1 ¶ 29.)

4

James River cannot survive unless it alleges facts that, if proven, would show that James River owed SHB a duty to prevent Gas N Snack from starting a fire at the Property.

"In general, an owner or occupier of land has no duty to protect others from the harmful acts of a third person acting on or near their property." *Shoemaker v. Funkhouser*, 856 S.E.2d 174, 178 (Va. 2021). Accordingly, "as a general proposition, landowners who have granted permission to others to engage in certain activities on their land face no liability from the independent acts of others." *Id.* at 179.[5]

Of course, exceptions to this general rule exist. As the Supreme Court of Virginia has recently held,

> a landowner has a duty in tort to exercise reasonable care to control the conduct of a third party, who has been granted permission by the landowner to use the land, to prevent that third party from intentionally harming others or from conducting himself so as to create an unreasonable risk of bodily harm to others.

*Id.* at 179. But "several limiting principles" circumscribe that duty: "the landowner . . . must [(1)] be present, (2) know[] or ha[ve] reason to know that he or she has the ability to control the third person, and (3) . . . [either] know[] or should know of the necessity and opportunity for exercising such control." *Id.*

Courts should construe presence "according to its ordinary meaning." *Id.* at 180. It "does not mean standing at the shoulder of the person engaging in the activity." *Id.* Instead it means "being in one place and not elsewhere: being within reach, sight, or call or within contemplated limits: being in view or at hand: being before, beside, with, or in the same place as someone or something." *Id.* (quoting Webster's Third New International Dictionary 1793 (2002)).

---

[5] Although the *Shoemaker* Court uses the term "landowner," the duty "springs from *possession* of the land, and it is not necessarily placed on the person in whom the land is *titled*." *Id.* at 178 n.1. Here, James River did not possess the Property when the fire occurred. Nonetheless, *Shoemaker*'s analysis provides helpful guidance for resolution of this motion.

5

Here, even if the Court assumes that James River had reason to know that it had the ability and need to control Gas N Snack to prevent it from starting a fire on SHB's property, All America does not allege that James River was "present" when the fire ignited. Thus, it has not alleged enough facts that, if proven, would show that James River owed SHB a duty to prevent Gas N Snack from starting a fire at the Property. "[W]here there is no legal duty there is no actionable negligence." *Veale v. Norfolk & W. Ry. Co.*, 205 Va. 822, 825, 139 S.E.2d 797, 799 (1965). Accordingly, the Court will grant James River's motion to dismiss Count II of All America's complaint.

### *B. Gas N Snack's Motion to Dismiss*

Gas N Snack moves to dismiss James River's crossclaim, arguing that Section 9.2 the Sublease bars James River's claims. In the alternative, Gas N Snack argues that the Court should dismiss Count I of the crossclaim because it owed no duty to James River.

### *1. Section 9.2 of the Sublease*[6]

Section 9.2 of the Sublease provides that:

> 9.2 <u>Waiver of Subrogation</u>. [James River] and [Gas N Snack] *on behalf of themselves* and all others claiming under them, including any insurer, *waive all claims and rights of recovery against each other*, including all rights of subrogation, for loss or damage to their respective property (including, but not limited to, the Premises, including, without limitation the buildings, and [Gas N Snack]'s personal property) *arising from fire*, and any of the other perils normally insured against in a "special causes of loss form" of physical loss insurance policy, regardless of whether insurance against those perils is in effect with respect to such party's property and *regardless of the negligence of either party*.

---

[6] James River did not attach the Sublease to its crossclaim. But Gas N Snack included it as an attachment to its brief in support of its motion. (ECF No. 20-1.) The Court may rely on it because it "[is] integral to the [crossclaim] and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

6

(ECF No. 20-1 § 9.2 (emphases added).) Gas N Snack contends that this provision "dictates that all of the claims asserted by [James River] in its subject Cross-claim have been waived[] and are therefore affirmatively barred in the instant action." (ECF No. 20, at 4.) James River counters that Gas N Snack cannot enforce Section 9.2 to avoid liability here because it "committed a prior material breach of the [Sublease] when it failed to list [James River] as an additional insured under i[t]s general liability policy" (the "CGL policy"). (ECF No. 21, at 3.)

"Generally, a party who commits the first breach of a contract is not entitled to enforce the contract." *Horton v. Horton*, 254 Va. 111, 115, 487 S.E.2d 200, 203 (1997). This rule does not apply, however, "when the breach did not go to the 'root of the contract' but only to a minor part of the consideration." *Id.* (quoting *Fed. Ins. Co. v. Starr Elec. Co.*, 242 Va. 459, 468, 410 S.E.2d 684, 689 (1991)). In other words, only a material breach prevents a party from enforcing the contract. *Id.* at 115, 487 S.E.2d at 204 ("If the first breaching party committed a material breach, . . . that party cannot enforce the contract."). "A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Id.*

Here, Gas N Snack's failure to list James River as an additional insured under Gas N Snack's CGL policy as required by the Sublease could constitute a material breach of that agreement. James River subleased the Property to Gas N Snack to secure a steady stream of rental income. *See RW Power Partners, L.P. v. Va. Elec. & Power Co.*, 899 F. Supp. 1490, 1499 (E.D. Va. 1995) (noting that "the landlord's principal benefit under any lease is the right to receive rent"). James River presumably required Gas N Snack to add it as an additional insured under the CGL policy to ensure, among other things, that the costs of defending any liability claims stemming from Gas N Snack's operation of the Property would not diminish the income generated by the

Sublease. *Cf. Reston Recreation Ctr. Assocs. v. Reston Prop. Invs. Ltd. P'ship*, 238 Va. 419, 426, 384 S.E.2d 607, 611 (1989) ("To assure the landlord that the tenant, or its subtenant, would be able to continue to pay the rent and perform the other covenants in the lease despite any liability arising out any public liability claims, the tenant agreed to maintain the insurance coverage against such claims arising out of any business conducted upon the premises.") Gas N Snack's failure to abide by that contractual requirement jeopardized James River's receipt of the full amount of rental income it expected under the Sublease. *Cf. RW Power*, 899 F. Supp. at 1499 (observing that in *Reston* "the Supreme Court of Virginia held that the failure of the tenant to maintain liability insurance jeopardized the landlord's interests in future rental payments"). This means that Gas N Snack's breach went "to the 'root of the contract,'" making its breach material.[7] Gas N Snack, therefore, cannot use Section 9.2 of the Sublease to bar James River's crossclaims.

### 2. *Gas N Snack's Duty to James River*

Gas N Snack also argues it "did not owe [James River] a legal duty of reasonable and ordinary care regarding the Property." (ECF No. 20, at 6.) Specifically, Gas N Snack argues that "[n]o Virginia precedent dictates that a commercial real property lessee owes a legal duty of care regarding said commercial property[] to a non-owning and non-possessing lessor of the very same

---

[7] Gas N Snack notes that, although it had an obligation to name James River as an additional insured under its CGL policy, it had no obligation to name James River as an additional insured under its casualty insurance that covered property damage caused by fire ("fire insurance"). (ECF No. 20-1 § 8.1(a).) Thus, because a fire happened to damage the Property, Gas N Snack argues that "it is impossible for [Gas N Snack] to have committed a material breach of the [Sublease] prior to the subject fire by not making [James River] an additional insured under its relevant fire casualty insurance policy." (ECF No. 22, at 2.) This argument misses the mark. It does not matter that Gas N Snack had no obligation to list James River as an additional insured under its fire insurance or that the fire insurance—and not the CGL policy—might cover the fire damage to the Property. Gas N Snack had an obligation to list James River as an additional insured under its CGL policy. By failing to do so, it materially breached the Sublease. As a result, it cannot use Section 9.2 of the Sublease to bar James River's crossclaim.

8

commercial property." (*Id.* at 7.) Thus, Gas N Snack says the source of duty rule bars James River's negligence crossclaim.

This argument fails. As stated above, the common law "requires that 'one must so use his own rights so as not to infringe upon the rights of another.'" *RGR*, 288 Va. at 275, 764 S.E.2d at 16 (quoting *Cline*, 284 Va. at 107, 726 S.E.2d at 17). Stated differently, the common law requires "every man to so use his own property as not to injure the persons or property of others.'" *Standard Oil Co. v. Wakefield's Adm'r*, 102 Va. 824, 828, 47 S.E. 830, 831 (1904). James River's leasehold interest in the Property gave it a property right. *See Potomac Elec. Power Co. v. Fugate*, 211 Va. 745, 750, 180 S.E.2d 657, 660 (1971) (noting that a leasehold interest is a property right). Gas N Snack infringed upon that right by allegedly failing to take reasonable steps to prevent a fire at the Property.[8] *See Farrington*, 81 Va. Cir. at *5-6 (holding that tenants had a common law duty to prevent a fire on their landlord's property).[9] This duty to prevent a fire at the Property arose by virtue of the common law, not the Sublease. *See id.* Accordingly, the source of duty rule does not bar James River's negligence crossclaim.

---

[8] Gas N Snack's alleged failure to use reasonable care to prevent fire at the Property also imperiled James River's underground storage tanks on the Property. (*See* ECF No. 20-1 ¶ 4.3(a) (noting that James River owned underground storage tanks on the Property).) If James River proves that Gas N Snack negligently failed to prevent a fire on the Property and that negligence damaged its underground storage tanks, that would violate "the 'duty of every man to so use his own property as not to injure the persons or property of others.'" *RGR*, 288 Va. at 276, 764 S.E.2d at 17 (quoting *Wakefield's Adm'r*, 102 Va. at 828, 47 S.E. at 831).

[9] Gas N Snack argues that *Farrington*'s common sense rule should not apply here because "the real property at issue in *Farrington* was residential, not commercial or retail" and "the plaintiff in *Farrington* was the actual property owner and was in direct contractual privity with the alleged tortfeasors." (ECF No. 22, at 3.) Essentially, Gas N Snack says that residential tenants who rent directly from the property owner owe their landlords a higher duty of care than any other tenant. Stated differently, Gas N Snack claims that if a tenant leases commercial property or leases property from someone other than the property owner, then that tenant need not exercise reasonable care when using the leased property. Gas N Snack cites no authority for this proposition.

9

\* \* \*

For the reasons stated in Section II.B, the Court will deny Gas N Snack's motion to dismiss James River's crossclaim.

## III. CONCLUSION

For the reasons stated herein, the Court will grant James River's motion to dismiss Count II of All America's complaint and will deny Gas N Snack's motion to dismiss James River's crossclaim.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 4 June 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge